UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAMARVIN WILLIAMS,

    Petitioner,

v.                                                     CASE NO. 6:16-cv-930-Orl-31KRS
                                                         (6:12-cr-244-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on a motion to vacate, set aside, or correct an illegal sentence filed by Lamarvin Williams pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. 8). Petitioner filed a reply to the response (Doc. 15).

Petitioner alleges one claim for relief in his § 2255 motion. For the following reasons, the Court concludes that Petitioner is not entitled to relief.

                                     **I.     PROCEDURAL HISTORY**

Petitioner was charged by indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One), possession of a firearm by a convicted felon in violation of 18 U.SC. §§ 922(g)(1), 924(a)(2) and 924(e)(1) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three) (Criminal Case 6:12-cr-244-Orl-

31KRS, Doc. 1).[1] Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Count Two as charged and in exchange, the Government agreed to dismiss Counts One and Three and recommend a three-level reduction for acceptance of responsibility (Criminal Case Doc. 26). Magistrate Judge Spaulding entered a Report and Recommendation, recommending that the Court accept the plea (Criminal Case Doc. 30). The Court accepted the plea and adjudicated Petitioner guilty of Count Two (Criminal Case Doc. 33).

The United States Probation Office found that Petitioner qualified as an armed career criminal and in the Presentence Investigation Report ("PSR"), recommended a sentencing range of 188 to 235 months in prison (PSR, ¶¶ 26 and 73). On December 19, 2013, the Court sentenced Petitioner to a 180-month term of imprisonment pursuant to the Armed Career Criminal Act ("ACCA") (Criminal Case Doc. Nos. 45 and 69). Judgment was entered on that same day (Criminal Case Doc. 47). Petitioner appealed, and the Eleventh Circuit Court of Appeals dismissed the appeal as untimely (Criminal Case Doc. 73).

## II. LEGAL STANDARD

The Supreme Court of the United States, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled

---

[1] Hereinafter Criminal Case No. 6:12-cr-244-Orl-31KRS will be referred to as "Criminal Case."

2

to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under these rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

### III. ANALYSIS

Petitioner alleges that his sentence under the ACCA is unconstitutional pursuant *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the ACCA is unconstitutionally vague)[2] (Doc. 1 at 4). In support of this claim, Petitioner contends that his prior convictions for fleeing and eluding and aggravated assault no longer qualify as violent felonies under the ACCA (Doc. 15 at 2).

Section 924(e) requires the Court to impose a 15-year minimum mandatory sentence for any convicted felon who possesses a firearm or ammunition after having been convicted of three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The PSR listed the following prior felonies used to enhance Petitioner's sentence: (1) a 2002 conviction for sale of cocaine within 1000 feet of a place of worship; (2) a 2004 conviction for attempted sale of cocaine; (3) a 2009 conviction for possession of cocaine with intent to sell; (4) 2009 convictions for leaving the scene of a crime with property damage and fleeing or attempting to elude; (5) a 2009 conviction for sale of cocaine; (6) a 2012 conviction for sale of cocaine; and (6) 2013 convictions for aggravated assault with a firearm and fleeing or attempting to elude (PSR, ¶ 26).

The Eleventh Circuit has held that a conviction for fleeing or attempting to elude does not qualify as a violent felony under the ACCA. *See United States v. Adams*, 815 F.3d

---

[2] In *Welch v. United States*, 136 S. Ct 1257 (2016), the Supreme Court of the United States determined that *Johnson* is retroactive to cases on collateral review.

1291, 1292-93 (11th Cir. 2016). However, even though Petitioner's 2009 and 2013 convictions for fleeing or attempting to elude no longer qualify for ACCA sentencing purposes, Petitioner has three qualifying prior convictions remaining.

Petitioner's 2013 conviction for aggravated assault qualifies as a violent felony under the elements clause of the ACCA. *See United States v. Ackerman*, No. 16-11589, 2017 WL 4074527, at *4 (11th Cir. Sept. 14, 2017) (citing *Turner v. Warden, Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318 (11th Cir. 2015)). Additionally, Petitioner's 2002, 2009, and 2012 convictions for sale of cocaine qualify as serious drug offenses. *See United States v. Telusme*, 655 F. App'x 743, 745-46 (11th Cir. 2016) (citing *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014)). Therefore, Petitioner has three qualifying prior convictions, and his ACCA sentence is not unconstitutional. Petitioner is not entitled to resentencing and as such, his claim is denied.

Any of Petitioner's allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner fails to make such a showing. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence

pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  The Clerk of Court is directed to file a copy of this Order in criminal case number 6:12-cr-244-Orl-31KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 72) pending in that case.

4.  Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of September, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Lamarvin Williams
Counsel of Record